## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. STEVEN STACKPOLE, | : |
| | : |
| Petitioner, | : CIVIL NO. 3:CV-07-0396 |
| | : |
| vs. | : (JUDGE VANASKIE) |
| | : |
| TROY WILLIAMSON, | : |
| | : |
| Respondent. | : |

## M E M O R A N D U M

### I.    Introduction

Petitioner R. Steven Stackpole files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is currently confined at the Federal Prison Camp at Lewisburg, Pennsylvania ("FPC-Lewisburg").  Named as Respondent is Troy Williamson, Warden at FPC-Lewisburg.

Stackpole is currently serving a 150-month prison term after being found guilty in this Court of several offenses, including conspiracy to commit mail fraud in violation of 18 U.S.C. § 371, money laundering in violation of 18 U.S.C. § 1956; and engaging in monetary transactions in property derived from unlawful activity in violation of 18 U.S.C. § 1957.  He challenges the calculation of his federal sentence by the Bureau of Prisons ("BOP").  Specifically, he contends that the Hon. William W. Caldwell of this Court intended his 150 month sentence to run fully,

i.e., retroactively concurrent to the state sentence he was serving when his federal sentence was imposed.  On April 25, 2007, Respondent was directed to file a response to the petition within twenty (20) days.  (Dkt. Entry 7.)  A response was submitted on May 15, 2007.  (Dkt. Entry 10.)  No traverse has been filed by Petitioner.  The matter is now ripe for consideration.

## II.    Background

The undisputed history of this case is extracted from the brief and exhibit/attachments submitted by Respondent.  (Dkt. Entry 10, Ex. 1, Attachs. A-H.)  On April 22, 1997, Stackpole was arrested by New Jersey officials for Misconduct of a Corporate Official.  On July 6, 1998, he pleaded guilty to this offense.  It appears that he was taken into custody on September 25, 1998.  On December 4, 1998, he was sentenced in the Bergen County Superior Court in New Jersey to six (6) years incarceration.

On February 6, 2000, Stackpole was indicted in this Court in relation to his current federal offense.  He was temporarily released to federal authorities pursuant to a writ ad prosequendum so he could appear in federal court on the federal charges.  New Jersey retained primary jurisdiction of him.  This type of temporary release to federal authorities occurred several times while Stackpole made appearances relating to the federal charges.  On October 6, 2000, he was convicted by a jury on the federal charges.

On February 6, 2001, Stackpole pleaded guilty to Theft by Deception, Misapplication of Entrusted Property, and Securities Fraud in the Bergen County Superior Court in New Jersey.

Sentencing was continued until Stackpole's federal sentencing had been completed.  On April 11, 2001, Stackpole was sentenced to an aggregate prison term of 150 months.  (Dkt. Entry 10, Ex. 1, ¶ 16, Attach. E.)  Additionally, the sentencing court recommended that the BOP designate Stackpole to the Mid State Correctional Institution in Wrightstown, New Jersey, so that the federal sentence may be run concurrently with Stackpole's New Jersey sentence.  The sentencing judge, however, expressed no intention as to whether the federal sentence was to run from the date when Stackpole was taken into custody on the state charges, i.e., September 25, 1998.

Consistent with the sentencing court's recommendation, the BOP designated the State of New Jersey as Stackpole's place of incarceration for purposes of his federal sentence.  On April 17, 2001, the Federal government filed a detainer with the state of New Jersey for Stackpole.  He was returned to the New Jersey correctional facility on April 24, 2001.

On June 15, 2001, Stackpole was sentenced with regard to the second state charge. He received a five-year period of incarceration.

On June 20, 2003, Stackpole was discharged from his New Jersey sentence.  Later the same day, he was released to federal custody pursuant to the federal detainer filed on April 17, 2001.  (Dkt. Entry 10, Ex. 1, ¶ 22.)  On July 17, 2003, he was designated by the BOP to the Federal Correctional Institution in Fort Dix, New Jersey.

On March 1, 2007, Stackpole filed the instant petition for writ of habeas corpus.  He

argues that the BOP improperly calculated his federal sentence in accordance with governing law and BOP policy, and that pursuant to Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002), he is entitled to have his current 150 month federal sentence run fully (retroactively) concurrent to the state sentence he was serving – adjusting his federal sentence for the time served in state detention since September 25, 1998.  For the reasons that follow, the petition will be denied.

## III.    Discussion

It is well established that a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 188 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Stackpole is proceeding pro se, the Court will accord his petition the liberal construction intended for pro se litigants.

### A.    Computation of Federal Sentence

The Attorney General has delegated to the Bureau of Prisons the authority to compute federal sentences for offenses committed on or after November 1, 1987.  See 18 U.S.C. § 3585; 28 C.F.R. § 0.96 (1992); United States v. Wilson, 503 U.S. 329, 334-35 (1992); United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993).  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of two factors: (1) the date on which the

federal sentence commences, and (2) the extent to which credit may be awarded for time spent

in custody prior to the commencement of the sentence.

Section 3585 provides as follows:

(a)    Commencement of sentence. - A sentence to a term of imprisonment
       commences on the date the defendant is received in custody awaiting
       transportation to, or arrives voluntarily to commence service of sentence
       at, the official detention facility at which the sentence is to be served.

(b)    Credit for prior custody. - A defendant shall be given credit toward the
       service of a term of imprisonment for any time he has spent in official
       detention prior to the date the sentence commences -

       (1) as a result of the offense for which the sentence was imposed;
       or
       (2) as a result of any other charge for which the defendant was
       arrested after the commission of the offense for which the
       sentence was imposed;

       that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b) (emphasis added).  The last clause provides that time spent in custody

cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence.

The United States Supreme Court has made clear that inmates are not allowed to "double

count" credit.  Wilson, 503 U.S. at 337.

There are three ways that an inmate can accrue federal jail credit.  See Markland v.

Nash, Civil No. 05-4708, 2007 WL 776775, at *4 (D. N.J. March 7, 2007).  The first is credit for

time spent in custody while actually serving a federal sentence.  The second is credit for prior

5

custody under § 3585(b).  The third is credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer.  This is commonly referred to as "Willis" credit.  See Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

Pursuant to Willis, if the federal Expiration Full Term ("EFT") date exceeds the State EFT date, then all time spent in state custody up to the date prior to the first sentence being imposed can be awarded as jail time credit.  Clearly Stackpole's federal expiration date exceeds the state expiration date.  He has received Willis credit for the period of September 25, 1998 (the date first taken into state pre-sentence custody) up until December 3, 1998 (the day prior to the date of his state sentencing).  Under 18 U.S.C. § 3585(b), he cannot receive double credit for the time period after December 3, 1998, that has been credited against his state court sentence, until the federal sentencing court recommended that the federal sentence run concurrently with the state sentence.  Prior custody credit cannot be granted if the prisoner has received credit towards another sentence.  Rios v. Wiley, 201 F.3d 257, 272 (3d cir. 2000); Tisdale v. Menifee, 166 F. Supp. 2d 789, 792 (S.D. N.Y. 2001).  Thus, Stackpole is barred from receiving double credit for this time period.[1]

---

[1]  To the extent Stackpole contends that he is entitled to credit against his federal sentence for any of the time periods he was in temporary federal custody pursuant to a writ ad prosequendum, he is also mistaken.  During these times, New Jersey retained primary jurisdiction of him and credited that time towards his already imposed New Jersey sentence.  A federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus ad prosequendam.  Chambers v. Holland,

While § 3585(b) governs calculation of a sentence by the BOP, § 3584 authorizes the

federal sentencing court to impose a sentence that runs concurrent to a state sentence.  This

section provides as follows:

> (a)     Imposition of concurrent or consecutive term. - If multiple terms of
> imprisonment are imposed on a defendant at the same time, or if a term of
> imprisonment is imposed on a defendant who is already subject to an
> undischarged term of imprisonment, the terms may run concurrently or
> consecutively, except that the terms may not run consecutively for an
> attempt and for another offense that was the sole objective of the attempt.
> Multiple terms of imprisonment imposed at the same time run concurrently
> unless the court orders or the statute mandates that the terms are to run
> consecutively.  Multiple terms of imprisonment imposed at different times
> run consecutively unless the court orders that the terms are to run
> concurrently.

18 U.S.C. § 3584; see also Ruggiano, 307 F.3d at 132 (sentencing court has authority under 18

U.S.C. § 3584 and United States Sentencing Guidelines § 5G1.3(c) to order a federal sentence

to be fully and retroactively concurrent to a state sentence the defendant was already serving).

Under § 3585(a), Stackpole's federal sentence commenced the date it was imposed.

The federal sentencing court determined that his federal sentence would run concurrently with

the state sentence he was serving.  In order to effectuate the order and the court's intent to run

---

920 F. Supp. 618, 622 (M.D. Pa. 1996).  New Jersey is the primary custodian unless and until it
relinquishes jurisdiction over Stackpole.  See Rios, 201 F.3d at 274. There is nothing in the
record to suggest that New Jersey did so at any time prior to Stackpole's completion of his
state sentence.

the sentences concurrently, the BOP designated the State of New Jersey as Stackpole's place of incarceration for purposes of his federal sentence.  (Dkt. Entry 10, Ex. 1, ¶ 17, Attach. F.) Pursuant to this designation and the language of § 3585(a), Stackpole's federal sentence could not have commenced any earlier than the date it was imposed, unless the sentencing court had expressly intended that the sentence be retroactively concurrent with the state sentence.

**B.     Retroactively Concurrent Federal Sentence**

Petitioner contends that the federal sentencing judge intended his federal sentence to commence earlier than the date it was imposed, i.e., that the federal sentence was to run retroactively concurrent with the state sentence he was serving at the time the federal sentence was imposed.  What Petitioner argues is that the federal sentencing judge intended to "adjust" his sentence and grant him credit under U.S.S.G. § 5G1.3(c), a credit distinct from the BOP's authority under § 3585(b) to credit his sentence.

In Ruggiano, 307 F.3d at 131, the court held that in imposing a sentence, a district court may grant an adjustment for time served on a preexisting sentence pursuant to U.S.S.G. § 5G1.3(c).  The federal sentencing court may exercise this option by making the federal sentence concurrent with the state sentence for the full period of the preexisting sentence (retroactively concurrent) or only concurrent for the remainder of the preexisting sentence from the date when the federal sentence was imposed.

In analyzing what type of credit was intended, this Court must determine the meaning of

8

the federal sentencing court's directive.  See Rios, 201 F.3d at 264.  Where an oral

pronouncement of a sentence and a written sentence are in conflict, the oral sentence prevails.

United States v. Chasmer, 952 F.2d 50, 52 (3d Cir. 1991).  Even in a case where a conflict

does not appear to exist, there can still be ambiguity as to what the sentencing court intended.

It is crucial to review the judgment of conviction, the sentencing transcript, and any plea

agreement or other relevant documents to determine whether the sentencing judge conveyed

an intent to grant an adjustment by making the federal sentence retroactively concurrent for the

entire period of the state sentence pursuant to § 5G1.3(c).

     In the Ruggiano case, the Third Circuit found an intent to make the federal sentence

retroactively concurrent for the entire period of the state sentence.  In so doing, the Court relied

upon the fact that the sentencing court had engaged in a dialogue on the issue of credit for time

served and had explicitly directed that the defendant receive credit retroactive to the

commencement date of the defendant's earlier imposed sentence.[2]

     In the instant case, the sentencing transcript reveals the following statements by the

---

   [2] In Ruggiano, the sentencing judge stated that he ". . . thought it appropriate to go
ahead and recommend that [Ruggiano's sentence] be served concurrently and that he receive
credit for the amount of time he served there."  Ruggiano, 307 F.3d at 124.  In the written
judgment, the judge recited that Ruggiano's sentence was "to run concurrent with State
sentence.  Defendant to receive credit for time served."  Id.  Thus, the combination of the
judge's statement that the two sentences were to run concurrently, in addition to the added
language that the defendant receive credit for time served was found to express a clear intent
to grant an adjustment under § 5G1.3(c).

judge regarding the imposition of Petitioner's sentence: "We recommend to the Bureau of Prisons that the Mid-State Correctional Institution in Wrightstown, New Jersey or any other facility to which the defendant may be transferred be designated as the place of confinement thereby making this sentence concurrent with the sentence that the defendant is now serving." (Dkt. Entry 2, Sentencing Trans. at 49, ¶¶ 20-25.)  This language is clearly distinguishable from that used in the Ruggiano case, where the judge spoke of defendant receiving "credit for time served" and "he shall receive credit for the amount of time he served there [referring to the state sentence]" – language clearly attempting to convey an intent to grant an adjustment to cover the entire period of the state sentence. In Stackpole's case, however, there is simply no indication of any attempt to utilize U.S.S.G. § 5G1.3(c).[3]  In reviewing the transcript language it is clear that the judge intended the federal sentence run concurrently with Petitioner's already existing New Jersey sentence - as indicated by his use of the words ". . . concurrent with the sentence Defendant is now serving."  There is nothing to even remotely suggest that Petitioner was to receive credit for time already served or any explicit direction that he receive credit retroactive to the commencement date of his earlier-imposed state sentence.

Petitioner argues that an intention to impose a retroactively concurrent sentence may be

---

[3] The reference to or the failure to reference § 5G1.3 by the sentencing judge does not conclusively prove the intent of the judge as to whether to grant an adjustment.  See Markland, 2007 WL 776775, at *6, n.6.

inferred because his attorney at sentencing requested the judge to consider a concurrent sentence back to September 25, 1998.  There is no indication in the transcript, however, that such a request was granted.[4]  (Dkt. Entry 2, Ex. 2, Sentencing Trans. at 43.)   The Judgment and Commitment Order also fails to lend any support to the argument that an adjustment was intended by the sentencing judge.  The relevant portion of the Order reads as follows:

> The Court recommends to the Bureau of Prisons that the Mid-State
> Correctional Institution, Wrightstown, New Jersey, or any other
> facility to which the defendant may be transferred, be designated
> as the place of confinement, thereby making this sentence
> concurrent with the sentence the defendant is now serving.

(Dkt. Entry 10, Attach. E at 2.)

Based on the foregoing, there is no basis for concluding that the federal sentencing judge intended to invoke U.S.S.G. 5G1.3 in the instant case.  Accordingly, his petition for writ of habeas corpus will be denied.  An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

---

[4]  The mere fact that Petitioner's counsel may have made such a request at the sentencing certainly does not establish that the sentencing judge intended to grant an adjustment, particularly in light of the fact that the prosecution adamantly opposed that any leniency or benefits be afforded to Petitioner in sentencing.  (Id. at 46-47.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

R. STEVEN STACKPOLE,           :
                                  :

           Petitioner,         :     **CIVIL NO. 3:CV-07-0396**
                                  :

     **vs.**                    :     **(JUDGE VANASKIE)**
                                  :

TROY WILLIAMSON,           :
                                  :

           Respondent.      :

## O R D E R

**NOW, THIS 30th DAY OF JULY, 2007,** for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1.     The petition for writ of habeas corpus is **DENIED.**

2.     The Clerk of Court is directed to mark this matter **CLOSED.**

                            **s/ Thomas I. Vanaskie**
                            Thomas I. Vanaskie
                            United States District Judge